JANET WHEBLE, P.A.-C; AND JANET WHEBLE, P.A.-C, LTD., PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE, RESPONDENTS, AND ROBERT ANSARA, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ANDREW PEDRETTI; KAREN GRZEDA, INDIVIDUALLY; ALOK CHANDRA SAXENA, M.D., INDIVIDUALLY; VEGAS VALLEY PRIMARY CARE, A NEVADA CORPORATION; AND ALOK C. SAXENA, M.D., CHARTERED, A NEVADA CORPORATION, REAL PARTIES IN INTEREST.

No. 58774

March 1, 2012 272 P.3d 134

*Lewis Brisbois Bisgaard & Smith LLP* and *S. Brent Vogel* and *Erin E. Dart*, Las Vegas, for Petitioners.

*John H. Cotton & Associates, Ltd.*, and *John H. Cotton* and *Katherine L. Turpen*, Las Vegas, for Real Parties in Interest Alok Chandra Saxena, M.D.; Alok C. Saxena, M.D., Chartered; and Vegas Valley Primary Care.

*Nursing Home Justice Center* and *Terry A. Coffing, Micah S. Echols*, and *Jamie A. Frost*, Las Vegas, for Real Parties in Interest Robert Ansara and Karen Grzeda.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

# OPINION

*Per Curiam:*

In this petition for extraordinary writ relief, we must determine whether the district court can apply NRS 11.500, Nevada's "savings statute," to save otherwise time-barred medical malpractice claims that have been previously dismissed for failure to comply with the affidavit requirements of NRS 41A.071. We conclude that NRS 11.500 does not save medical malpractice claims dismissed

for failure to comply with NRS 41A.071 because these claims are void, and NRS 11.500 applies only to actions that have been "commenced." Thus, writ relief is appropriate here.

## FACTS AND PROCEDURAL HISTORY

On November 22, 2006, real parties in interest Robert Ansara, as Special Administrator of the Estate of Andrew Pedretti, and Karen Grzeda (plaintiffs) filed a complaint in district court against Alok Chandra Saxena, M.D.; Vegas Valley Primary Care; Alok C. Saxena, M.D., Chartered; Janet Wheble, P.A.-C; and Janet Wheble, P.A.-C, Ltd. (defendants).[1] Plaintiffs' complaint alleged claims for medical negligence, wrongful death, and statutory abuse and neglect against defendants, a physician and physician's assistant, arising from the care of Andrew Pedretti while he was a patient at the Desert Lane Care Center. The complaint referenced an expert affidavit, as required by NRS 41A.071, but no affidavit was attached. An errata to the complaint, attaching the expert affidavit, was filed on November 27, 2006.

On July 20, 2009, defendants moved for summary judgment, arguing that plaintiffs' failure to attach an expert affidavit to their initial complaint rendered the entire complaint void ab initio as to the medical malpractice claims under *Washoe Medical Center v. District Court*, 122 Nev. 1298, 148 P.3d 790 (2006). The district court denied defendants' motion, and the defendants subsequently filed a petition for writ of mandamus in this court. This court granted defendants' petition, finding that the district court manifestly abused its discretion in not granting summary judgment in defendants' favor on plaintiffs' medical malpractice claims, as the district court was required to dismiss the medical malpractice claims without prejudice due to the failure to attach the expert affidavit. *See Saxena v. District Court*, Docket No. 54775 (Order Granting in Part Petition for Writ of Mandamus, January 8, 2010).

Plaintiffs filed a new complaint on January 21, 2010, reasserting the dismissed medical malpractice claims, and the district court consolidated the two cases. The Saxena defendants filed a motion to dismiss, arguing that the statute of limitations passed for plaintiffs' medical malpractice claims before the January 2010 complaint was filed, and that the claims could not be refiled after the statute of limitations under the savings clause in NRS 11.500. The district court denied the motion. The Wheble defendants then filed a motion for summary judgment asking the district court to find NRS 11.500 unconstitutional, which the district court also denied. The Wheble defendants then filed this writ for mandamus relief.

---

[1]Because only some of the defendants below brought this petition, for clarity we will refer to the parties as plaintiffs and defendants.

## DISCUSSION

The Wheble defendants argue that extraordinary writ relief is appropriate because the district court was required to grant their motion to dismiss plaintiffs' January 21, 2010, medical malpractice action as untimely. " 'A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.' " *Williams v. Dist. Ct.*, 127 Nev. 518, 524, 262 P.3d 360, 364 (2011) (quoting *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted)); *see also* NRS 34.160. A writ of mandamus will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170; *see also Williams*, 127 Nev. at 524, 262 P.3d at 364.

This writ proceeding involves an issue of first impression—whether medical malpractice claims previously dismissed for failure to comply with NRS 41A.071 can be refiled under NRS 11.500 after the expiration of the statute of limitations. As there is potential for the district courts to inconsistently interpret this legal issue, we elect to exercise our discretion to entertain the merits of this writ petition and clarify this issue of law.

"Statutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *International Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. When a statute is clear on its face, we will not look beyond the statute's plain language. *Beazer Homes Nevada, Inc. v. Dist. Ct.*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004). Plaintiffs argue that because this court's January 8, 2010, order directed the district court to enter an order dismissing their medical malpractice claims without prejudice, the plain language of NRS 11.500(1) allowed them to refile their claims within 90 days of dismissal, even though the statute of limitations for the claims had passed.

NRS 11.500(1) states:

> Notwithstanding any other provision of law, and except as otherwise provided in this section, if an action that is commenced within the applicable period of limitations is dismissed because the court lacked jurisdiction over the subject matter of the action, the action may be recommenced in the court having jurisdiction within:
> (a) The applicable period of limitations; or
> (b) Ninety days after the action is dismissed,
> whichever is later.

By the plain language of the statute, an action must have been "commenced" in order for it to be refiled under NRS 11.500(1) after the statute of limitations for the claim has passed. NRCP 3 states that "[a] civil action is commenced by filing a complaint with the court." As this court held in *Washoe Medical Center*, "a medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect. Because a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist . . . ." 122 Nev. at 1304, 148 P.3d at 794 (footnote omitted).

Here, because the plaintiffs' complaint was dismissed for failure to comply with NRS 41A.071, the complaint never legally existed, and because the complaint never existed, the action was never "commenced" as defined by NRCP 3. NRS 11.500(1) does not apply to actions dismissed for failure to comply with NRS 41A.071, therefore, the district court must dismiss the plaintiffs' January 21, 2010, complaint as it was brought beyond the expiration of the statute of limitations for the plaintiffs' claims.

## CONCLUSION

Where medical malpractice claims have been dismissed for failure to comply with the affidavit requirement of NRS 41A.071, NRS 11.500(1) cannot be used to refile the same claims beyond the statute of limitations. A medical malpractice complaint filed without the required affidavit is void ab initio and never legally existed; therefore, the dismissed action was never "commenced," as is required for NRS 11.500(1) to apply. Thus, the district court was required to dismiss the plaintiffs' January 21, 2010, complaint reasserting claims previously dismissed for failure to comply with NRS 41A.071 because the statute of limitations for the claims had expired.[2]

Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to dismiss plaintiffs' January 21, 2010, complaint.

---

[2]Because we have concluded that NRS 11.500 does not apply to the plaintiffs' claims, we do not need to address the Wheble defendants' other arguments.