**130 Nev., Advance Opinion 65**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KELLY BARRETT, AN INDIVIDUAL;
DEAN AND WENDY COOPER,
HUSBAND AND WIFE; RICHARDS
ZIEMELIS AND SHELLY CONNELL-
ZIEMELIS, HUSBAND AND WIFE;
HARRY AND LISA BURGESS,
HUSBAND AND WIFE; MICHAEL
SOUSOUAY, AN INDIVIDUAL; KIM
COLBERT, AN INDIVIDUAL; JAMES
AND KAREN TIPPEL, HUSBAND AND
WIFE; ROSA MARTINEZ, AN
INDIVIDUAL; JOSEPHINE
MARTINEZ, AN INDIVIDUAL; RANDY
AND JOHNNA REECE, HUSBAND
AND WIFE; PATRICIA MONTEROS,
AN INDIVIDUAL; DONALD ROBBINS
AND HOPE ILEEN KELLER-ROBBINS,
HUSBAND AND WIFE; LENA
HAYCOCK, AN INDIVIDUAL;
TRELYNN GUICE, AN INDIVIDUAL;
ENRIQUE CABRERA, AN
INDIVIDUAL; MARVIN AND
ROSALYN RANDALL, HUSBAND AND
WIFE; JOHN AND SUSAN POLYAK,
HUSBAND AND WIFE; KENYETTA
BANKS, AN INDIVIDUAL; AMANDA
MATTOS, AN INDIVIDUAL; RONNE R.
CRAMER AND CYNTHIA L. CRAMER,
HUSBAND AND WIFE; RICHARD J.
LAHEY AND DIANE C. LAHEY,
HUSBAND AND WIFE; NICHOLAS D.
MARQUEZ AND CATHERINE M.
MARQUEZ, HUSBAND AND WIFE;
DONALD J. WYMAN AND MACHELLE
A. WYMAN, HUSBAND AND WIFE;
AND APRIL WASHINGTON, AN
INDIVIDUAL,
Petitioners,

No. 63871

FILED

AUG 0 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

12/17/14: Corrected per letter to publishers. CT

H-25872

vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ALLAN R. EARL, DISTRICT JUDGE,
Respondents,
   and
UPONOR INC., A MINNESOTA
CORPORATION; RCR PLUMBING &
MECHANICAL, INC. D/B/A RCR
COMPANIES, A CALIFORNIA
CORPORATION,
Real Parties in Interest.

Petition for a writ of mandamus or, in the alternative, prohibition challenging a district court order requiring a subcontractor to provide NRS Chapter 40 prelitigation notice to another subcontractor, prior to filing a fourth-party complaint against it.

*Petition granted.*

Canepa Riedy & Rubino and Scott K. Canepa and Terry W. Riedy, Las Vegas; Carraway & Associates and James D. Carraway, Las Vegas; Kemp, Jones & Coulthard, LLP, and Michael J. Gayan and J. Randall Jones, Las Vegas; Lynch, Hopper & Salzano, LLP, and Charles D. Hopper and Francis Lynch, II, Las Vegas; Maddox, Segerblom & Canepa, LLP, and Robert C. Maddox, Reno,
for Petitioners.

Bremer Whyte Brown & O'Meara, LLP, and Peter C. Brown and Prescott T. Jones, Las Vegas; Hansen Rasmussen, LLC, and R. Scott Rasmussen and Vadim Veksler, Las Vegas; Helm & Associates and Kevin E. Helm, Las Vegas; Grotefeld, Hoffman, Schleiter, Gordon & Ochoa and Lindsay E. Dansdill, Howard L. Lieber, and John R. Schleiter, Chicago, Illinois,
for Real Parties in Interest.

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, GIBBONS, C.J.:

In this opinion, we address whether a defendant subcontractor must provide NRS Chapter 40 prelitigation notice, which is statutorily followed by an opportunity to repair, prior to filing a fourth-party complaint against a supplier. We conclude that nothing in NRS Chapter 40 requires this notice.

## FACTS AND PROCEDURAL HISTORY

Petitioners, homeowners in the Tropical Breeze subdivision in Las Vegas, found allegedly defective plumbing parts in their residences. They provided NRS Chapter 40 notice to the general contractor/developer Centex Homes, informing it of this alleged defect. Centex then forwarded this notice to its numerous subcontractors and suppliers, including real party in interest Uponor, Inc. Despite receiving the notice, Uponor declined to make repairs, asserting that it was not a supplier under NRS Chapter 40. Then, the homeowners filed a complaint against Centex, who, in turn, filed a third-party complaint against numerous subcontractors, including real party in interest RCR Plumbing & Mechanical, Inc. RCR then filed a fourth-party complaint against Uponor. Uponor moved to dismiss the fourth-party complaint against it, asserting that it had not been provided with notice of the alleged defects.

---

[1]The Honorable Ron Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.

The district court found that Uponor was a supplier under NRS Chapter 40 and that RCR was required to give notice of the alleged construction defect to Uponor prior to filing its fourth-party complaint.[2] As a result, the district court stayed the proceedings and allowed RCR to provide Uponor notice. Once RCR provided notice, Uponor elected to make repairs. The homeowners now petition this court for a writ of mandamus or prohibition, arguing that neither they nor RCR were required to give Uponor NRS Chapter 40 notice and an opportunity to repair prior to RCR's filing of its fourth-party complaint.

## DISCUSSION

A writ of mandamus is available to compel the performance of a legal duty or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Its counterpart, a writ of prohibition, may issue to arrest the proceedings of a district court exercising its judicial functions in excess of its jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is typically not available, however, when the petitioners have a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

Preliminarily, RCR and Uponor argue that writ relief is inappropriate and unwarranted in this case. We choose to entertain this petition because it involves an issue of first impression and statewide importance, and because an appeal will not provide the homeowners with

---

[2]Around this time, the homeowners requested and were granted leave to amend their complaint to add claims against RCR and Uponor.

a speedy and adequate remedy. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004); NRS 34.170; NRS 34.330. Since Uponor elected to make repairs after RCR gave notice, the homeowners will not have an adequate legal remedy once Uponor makes these repairs. *See D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007). Further, this case has already existed in the prelitigation stage for over five years, during which time Uponor previously refused to make repairs. *Id.* at 475, 168 P.3d at 736. Thus, we conclude that writ relief is appropriate.

*NRS Chapter 40 does not require a subcontractor to give prelitigation notice before filing a fourth-party complaint against a supplier*

Before claimant homeowners may assert construction defect claims in the district court, they must provide the contractor written notice of the alleged defect, followed by an opportunity to repair. NRS 40.645; NRS 40.647(1). The homeowners here argue that, while NRS Chapter 40 compels the contractor to forward any notices of defect to the subcontractors and suppliers or forgo suit against those subcontractors and suppliers, the chapter does not require either the claimant homeowners or the subcontractors to give prelitigation notice to another subcontractor or supplier like Uponor. We agree.

Although the homeowners assert that nothing in NRS Chapter 40 requires them or a defendant subcontractor/fourth-party plaintiff to give notice to a subcontractor or supplier, Uponor contends that such notice is mandated by NRS 40.645, NRS 40.646, NRS 40.647(2), NRS 40.690, and the overall purpose of the notice requirement underlying these statutes. This court reviews issues of statutory construction de novo, even in the context of a writ petition. *D.R. Horton*, 123 Nev. at 476, 168 P.3d at 737. To determine the Legislature's intent, this court will not look beyond

Supreme Court
OF
Nevada

(O) 1947A

5

the statute's plain language when a statute is clear on its face. *Wheble v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012).

NRS 40.645(1) lays out the prelitigation notice requirements that a claimant must follow:

> [B]efore a claimant commences an action or amends a complaint to add a cause of action for a constructional defect against a contractor, subcontractor, supplier or design professional, the claimant:
>
> (a) *Must* give written notice . . . to the contractor . . . ; and
>
> (b) *May* give written notice . . . to any subcontractor, supplier or design professional known to the claimant who may be responsible for the constructional defect, if the claimant knows that the contractor is no longer licensed in this State or that the contractor no longer acts as a contractor in this State.

(Emphases added.) Based on the plain language of NRS 40.645, a claimant "must" give notice to a contractor. The contractor "shall" forward that notice to any subcontractors and suppliers that it believes contributed to the alleged defect, so that they can decide whether to repair the defect. NRS 40.646; NRS 40.647. A claimant "may" give notice to a subcontractor, supplier, or design professional, if the contractor is unavailable, but the claimant is not required to do so. If a claimant fails to comply with the prelitigation notice requirements of NRS Chapter 40, then, under NRS 40.647(2), the district court must dismiss the action without prejudice or stay the proceedings until the claimant complies. And if a contractor fails to forward a prelitigation notice to its subcontractors and suppliers, it generally may not sue them. NRS 40.646(2). Although "claimant" is defined as the owner of the residence or

a representative of a homeowner's association responsible for the residence, NRS 40.610, NRS 40.690 allows a contractor to be treated as a claimant for purposes of requiring another party to appear and participate in the NRS Chapter 40 proceedings after that party receives notice of the proceedings from the contractor or claimant. Thus, as we have broadly recognized, NRS Chapter 40 is designed to avoid costly litigation by providing all contractors and subcontractors with notice of and an opportunity to repair construction defects. *D.R. Horton*, 123 Nev. at 476, 168 P.3d at 737.

Given the permissive language in NRS 40.645(1)(b), however, we conclude that neither it nor any of the other statutes mentioned requires the homeowners or RCR to give notice to Uponor prior to filing a fourth-party complaint against it since Uponor is a supplier. The statutes distinguish between a "contractor" and a "subcontractor," providing each with specific and sometimes distinct requirements regarding prelitigation notice. Beginning with NRS 40.645, the claimaint "may" give notice to "any subcontractor" prior to "commenc[ing] an action . . . for a constructional defect against a contractor." Moreover, while a "claimant" may include a contractor based on NRS 40.690, there is no language in NRS Chapter 40 that allows a subcontractor to be defined as a claimant.[3] Thus, we conclude that RCR, in its role as a subcontractor, was not required to give notice to Uponor prior to filing a fourth-party complaint.

_____

[3]Similarly, while NRS 40.647 prevents a claimant from commencing an action if the claimant did not provide proper notice pursuant to NRS 40.645, a subcontractor is not included in the NRS Chapter 40 definition of claimant, thus it does not prevent a subcontractor from commencing an action against another subcontractor.

Further, we conclude that the homeowners, as claimants, "may" have given notice to Uponor, based on its role as a supplier, but were not required to.

Briefly addressing the remaining pertinent statutes raised by Uponor, NRS 40.646 requires a contractor to forward notice to a subcontractor "whom the contractor reasonably believes is responsible," however it does not provide any notice requirement for a subcontractor who believes another subcontractor or supplier is responsible. Similarly, NRS 40.690 governs NRS Chapter 40 proceedings, such as mediation under NRS 40.680, not the district court proceedings, and it requires notice of those NRS Chapter 40 proceedings, not of construction defects. It further does not create any notice requirements that a subcontractor must follow in order to file a fourth-party complaint against another subcontractor or supplier. Therefore, the homeowners and RCR were not required under NRS 40.490 to give notice to Uponor. Moreover, while the statutes' and, indeed, chapter's purpose is, in part, to allow defendants an initial opportunity to repair, the Legislature chose to carry out that purpose in the manner provided by the statutes, and this court will not read into the statutes a notice requirement between a subcontractor and another subcontractor or supplier where one does not exist.

## CONCLUSION

We conclude that neither NRS 40.645 nor any other provision require that claimant homeowners or subcontractors give notice to other subcontractors, suppliers, or design professionals prior to commencing or adding an action against them. Thus, the district court erred in requiring RCR to give notice of the construction defects to Uponor. We therefore order the clerk of this court to issue a writ of mandamus ordering the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court to vacate the portion of its August 2, 2013, order directing RCR to give notice of the construction defects to Uponor.[4]

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[4]In light of this conclusion, the homeowners' alternative request for a writ of prohibition is denied.