132 Nev., Advance Opinion 33

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Petitioner,<br>vs.<br>THE SECOND JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>WASHOE; AND THE HONORABLE<br>EGAN K. WALKER, DISTRICT JUDGE,<br>Respondents,<br>and<br>AYDEN A., A MINOR,<br>Real Party in Interest. | No. 68476<br><br>**FILED**<br><br>APR 28 2016<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging a district court order dismissing the State's petition for involuntary placement of a child in locked facility after emergency admission.

*Petition granted.*

Christopher J. Hicks, District Attorney, and Courtney E. Leverty, Deputy District Attorney, Washoe County,
for Petitioner.

Washoe Legal Services and Jeffery A. Briggs and Kendra Bertschy, Reno,
for Real Party in Interest.

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

6/30/16: Corrected per letter to publishers. CT

16-13321

*OPINION*

By the Court, CHERRY, J.:

After a child is admitted to a locked mental health facility due to an emotional disturbance, NRS 432B.6075 allows the State up to five days to seek to extend the involuntary placement. In this original petition, the State and real party in interest ask this court to clarify whether the five days are calendar days or judicial days. The statute is silent. We conclude that the five days in NRS 432B.6075 must be judicial days based on NRCP 6(a)'s instructions on computing time. Because the district court used calendar days, we grant the State's petition and direct the district court to vacate its order denying the State's petition to extend the placement.

*FACTS AND PROCEDURAL HISTORY*

Ayden A., a 16-year-old minor, was admitted to West Hills Hospital on July 7, 2015, because he was deemed to be emotionally disturbed and a danger to himself. Exactly one week later, on July 14, 2015, the State filed a petition for involuntary placement in a locked facility after emergency admission pursuant to NRS Chapter 432B. The very next day, the district court held a hearing on the petition where the State argued that its petition was timely because five days as prescribed in NRS 432B.6075(2) means judicial days. Ayden argued that the plain language of the statute indicates that five days means calendar days, which made the State's petition untimely. The district court ruled in favor of Ayden. Ayden was subsequently released.

 

## DISCUSSION

*This case presents an issue that is capable of repetition yet evading review*

Although Ayden was released from involuntary placement and this matter is moot, the State argues that mandamus relief is appropriate because this is an issue of law that needs clarification. The State is concerned that courts will inconsistently apply the statute if this court does not intervene.

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Where there is no plain, speedy, and adequate remedy in the ordinary course of law, extraordinary relief may be available. *Id.*[1] "Whether to consider a writ of mandamus is within this court's discretion." *Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1278 (2014) (internal citations omitted).

We may use our discretion to consider writ petitions when an important issue of law needs clarification and judicial economy is served by considering the writ petition. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559. It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

---

[1]An order arising from a proceeding under NRS Chapter 432B is generally not appealable. *See Clark Cty. Dist. Att'y v. Eighth Judicial Dist. Court*, 123 Nev. 337, 342, 167 P.3d 922, 925 (2007).

 

"A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights." *NCAA v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981). "Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events." *Id.*

Even if an issue is moot at the time of appellate consideration, we may still consider the appeal as a matter of widespread importance capable of repetition. *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev., Adv. Op. 36, 302 P.3d 1108, 1113 (2013). We may consider such a case when: "(1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Id.*

Ayden has long since been released from involuntary placement. Therefore, the ruling in this case will not directly affect Ayden's rights now or in the predictable future, which would ordinarily preclude consideration of this matter as moot. Nonetheless, we conclude that this particular issue is within the exception to the mootness doctrine because it involves a short time frame, is likely to appear again, and is an important matter. The time frame here is short because it involves emergency involuntary placements, which are necessarily temporary, unless properly extended. Although Ayden may not likely find himself in this situation again, the State and the district courts need clarification in this matter so that the district courts may consistently and correctly apply the law. *See Wheble v. Eighth Judicial Dist. Court*, 128 Nev. 119, 122, 272 P.3d 134, 136 (2012) (entertaining writ petition when there was the potential for district courts to inconsistently interpret a legal issue).

SUPREME COURT
OF
NEVADA

(O) 1947A

Finally, this is an important issue because it pertains to State deprivation of individual liberty, and such a deprivation cannot be taken lightly.

Because this case satisfies the factors set forth in *Bisch*, we will exercise our discretion and address the legal issue in the State's petition even though there is no actual relief to grant the State.

*"5 days" in NRS 432B.6075 are necessarily judicial days*

NRS 432B.6075(2) dictates that "[i]f a petition filed pursuant to this section is to continue the placement of the child after an emergency admission, the petition must be filed not later than 5 days after the emergency admission or the child must be released." The statute does not indicate whether the "5 days" are calendar days or judicial days. *Id.*

"Statutory interpretation is a question of law that [this court] review[s] de novo, even in the context of a writ petition." *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559.

Computing time is explicitly defined in the Nevada Rules of Civil Procedure. *See* NRCP 6(a). Rule 6(a) provides as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute . . . [w]hen the *period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and nonjudicial days shall be excluded in the computation* except for those proceedings filed under Titles 12 or 13 of the Nevada Revised Statutes.

(Emphasis added.) "NRCP 6(a), by its own terms, applies to the computation of any period of time prescribed or allowed by the NRCP, local rules of the district court, by an order of the court, or by any applicable statute." *Morrow v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 10, 294 P.3d 411, 415 (2013). We have previously explained that the

Nevada Rules of Civil Procedure generally apply to proceedings under NRS Chapter 432B unless a specific rule of procedure conflicts with a provision in NRS Chapter 432B. *Joanna T. v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 77, 357 P.3d 932, 934 n.1 (2015); *see also Williams v. Clark Cty. Dist. Att'y*, 118 Nev. 473, 478, 50 P.3d 536, 539 (2002) (NRCP 6(a) governs the computation of time when the statute does not specify how to compute the time period). NRCP 6(a) does not conflict with NRS 432B.6075 because the statute does not specify how to compute the time.

NRCP 6(a) governs statutory computations of time and dictates that when calculating time limits that are less than 11 days, weekends and nonjudicial days should not be counted. In this case, by excluding from the calculation Saturday and Sunday following Ayden's admission on Tuesday, July 7, 2015, the fifth day fell on Tuesday, July 14, and the petition filed that day was timely. Thus, the district court erred when it interpreted the time limit by counting the calendar days and deeming the State's petition untimely.[2]

## CONCLUSION

Accordingly, we grant the State's petition; the clerk of this court shall issue a writ of mandamus directing the district court to vacate its July 16, 2015, order in its entirety. *See Garvin v. Ninth Judicial Dist. Court*, 118 Nev. 749, 766, 59 P.3d 1180, 1191 (2002) (petition was moot, but

---

[2]Although the legislative history and intent might support Ayden's position that the Legislature intended the five-day cap to refer to calendar days, we do not reach those arguments because we conclude that NRCP 6(a) controls.

we applied an exception; therefore, we granted the petition and directed the ∧ district court to simply vacate the order).

_____, J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons