OPINION
By the Court,
Hardesty, J.:
In this appeal, we address whether a plaintiff in a medical malpractice action may amend her complaint, under NRCP 15(a), to comply with NRS 41A.071, which requires that complaints for medical malpractice be accompanied by a medical expert affidavit. Real party in interest, Billie Faye Barker, sued petitioner, Washoe Medical Center, and her doctor, Bradley Glenn, M.D.,[1] for alleged negligence during a surgical procedure. Barker filed her complaint one day before the statute of limitations ran but failed to include the required medical expert affidavit. Under NRS 41A.071, the district court must dismiss a medical malpractice complaint filed without a supporting medical expert affidavit. Therefore, Washoe Medical moved to dismiss Barker’s complaint, and upon receipt of the motion but before the district court rendered a decision on it, Barker filed an amended complaint to which she attached an expert affidavit and an opposition to Washoe Medical’s motion to dismiss.
Washoe Medical moved to strike Barker’s amended complaint, contending that NRS 41A.071 does not permit amendment. In denying Washoe Medical’s motion to dismiss and motion to strike, the district court concluded that Barker was permitted to amend her complaint under NRCP 15(a), which allows a plaintiff to amend a pleading once as a matter of course before a responsive pleading is served. Washoe Medical then filed this writ petition, challenging the district court’s order.
We conclude that, under NRS 41 A.071, a complaint filed without a supporting medical expert affidavit is void ab initio and must be dismissed. Because a void complaint does not legally exist, it cannot be amended. Therefore, NRCP 15(a) does not apply in this instance, and an NRS 41A.071 defect cannot be *1301 cured through amendment. Accordingly, we grant Washoe Medical’s petition.

FACTS

On March 31, 2005, one day before the statute of limitations expired, Barker filed a complaint against Washoe Medical and Dr. Glenn for alleged negligence during a surgical procedure. Barker did not include a medical expert affidavit with her complaint, as required under NRS 41A.071.
On June 22, 2005, after Washoe Medical was served with Barker’s complaint, it moved to dismiss the complaint because she failed to include a medical expert affidavit. On July 1, 2005, after the statute of limitations had expired, Barker filed a first amended complaint that included the required affidavit, which was dated June 30, 2005. Barker also opposed Washoe Medical’s motion to dismiss, arguing that because a motion to dismiss is not a responsive pleading, she had the right to amend under NRCP 15(a). Washoe Medical replied to Barker’s opposition and contemporaneously moved to strike Barker’s first amended complaint.
The district court concluded that Barker’s amendment was permissible under NRCP 15(a) since a motion to dismiss is not a responsive pleading, and the district court denied Washoe Medical’s motions to dismiss and to strike. Washoe Medical then petitioned this court for a writ of mandamus directing the district court to dismiss Barker’s original complaint and strike her first amended complaint.

DISCUSSION

Writ of mandamus

A writ of mandamus is available “to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station.”[2] A writ of mandamus will only issue if the petitioner has no “plain, speedy and adequate remedy in the ordinary course of law.’ ’[3] Because mandamus is an extraordinary remedy, the decision to entertain a petition lies within this court’s discretion.[4] And unless dismissal is clearly required by a statute or rule or an important issue of law needs clarification, this court will not exercise its discretion to consider writ petitions that challenge district court orders denying motions to dismiss.[5]
*1302 This writ proceeding involves an issue of first impression— whether an NRS 41A.071 defect can be cured through an NRCP 15(a) amendment as of right. This important issue of law needs clarification, as there is great potential for the district courts to inconsistently interpret this legal issue. Therefore, we elect to exercise our discretion to entertain the merits of Washoe Medical’s writ petition.

Standard of review

Statutory interpretation is an issue of law that we review de novo.[6] When a statute is clear on its face, we will not look beyond the statute’s plain language.[7] However, when a statute is susceptible to more than one interpretation, it is ambiguous, and we must look beyond its plain meaning.[8] When construing an ambiguous statute, legislative intent is controlling, and we look to legislative history for guidance.[9] Finally, we consider “the policy and spirit of the law and will seek to avoid an interpretation that leads to an absurd result.”[10]

NRS 41 A.071 and complaint amendment to comply with the expert affidavit requirement

NRS 41 A. 071 states, “If an action for medical malpractice ... is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without a[ ] [medical expert] affidavit . . . .” Although NRS 41A.071 requires dismissal whenever a medical malpractice complaint is filed without an expert affidavit, NRCP 15(a) permits a plaintiff to amend her pleading once as a matter of course before a responsive pleading is served. Barker argues that NRCP 15(a) supersedes NRS 41A.071’s dismissal requirement and that she was therefore permitted to amend her complaint to comply with NRS 41A.071 before Washoe Medical served a responsive pleading. Washoe Medical argues that Barker’s complaint was dismissed by operation of law when it was filed without a supporting expert affidavit, and therefore, there was no complaint to be amended. We agree with Washoe Medical.
*1303 We addressed an analogous situation under the former medical malpractice statutory scheme in Lapica v. District Court.[11] In Lapica, the plaintiff filed her medical malpractice complaint with the district court before the Medical-Legal Screening Panel had rendered its decision, in contravention of then-applicable NRS 41 A.070.[12] NRS 41A.070 provided that a medical malpractice complaint could not be filed in the district court until after the Screening Panel issued its determination, “ ‘and any action filed without satisfying th[at] requirement[ ] . . . [was] subject to dismissal for failure to comply.’ ”[13] Therefore, the defendant argued that the plaintiffs premature complaint was void ab initio because NRS 41A.070 required dismissal when a complaint was filed in the district court before the Screening Panel rendered its decision.[14]
We concluded that the defendant’s argument that the complaint was void ab initio was unpersuasive because NRS 41A.070 stated that an action was subject to dismissal, which “denote[d] judicial discretion, i.e.[the term ‘subject to’] indicate^] that a premature complaint is not automatically void, but that it may be dismissed.”[15] Thus, we concluded that the complaint was not void and, because the defendant had not moved to dismiss the complaint and the district court had not sua sponte dismissed it, the complaint was valid.[16]
However, NRS 41A.071 states that a complaint filed without an expert affidavit shall be dismissed. Unlike NRS 41A.070’s “subject to” language, “shall” is mandatory and does not denote judicial discretion.[17] The Legislature’s choice of the words “shall dismiss” instead of “subject to dismissal” indicates that the Legislature intended that the court have no discretion with respect to dismissal and that a complaint filed without an expert affidavit would be void and must be automatically dismissed.[18]
*1304 NRS 41A.071’s legislative history further supports the conclusion that a complaint defective under NRS 41A.071 is void and cannot be amended. NRS 41A.071 was adopted as part of the 2002 medical malpractice tort reform that abolished the Medical-Legal Screening Panel. NRS 41A.071’s purpose is “to lower costs, reduce frivolous lawsuits, and ensure that medical malpractice actions are filed in good faith based upon competent expert medical opinion.”[19] According to NRS 41A.071’s legislative history, the requirement that a complaint be filed with a medical expert affidavit was designed to streamline and expedite medical malpractice cases and lower overall costs, and the Legislature was concerned with strengthening the requirements for expert witnesses.[20]
When discussing the expert witness requirement, it was noted that under the former Medical-Legal Screening Panel rules, a medical expert’s affidavit was required. The new legislation therefore required that, at the district court level, a medical expert’s affidavit was necessary for the district court to confirm that the case was meritorious.[21] The Nevada Trial Lawyers Association “believed there needed to be a deterrent from cases being filed in order to get a quick settlement,” and that the affidavit requirement would protect against this by ensuring that medical records would be reviewed by an expert before a case was filed.[22]
Accordingly, we conclude that a medical malpractice complaint filed without a supporting medical expert affidavit is void ab ini-tio, meaning it is of no force and effect.[23] Because a complaint that does not comply with NRS 41 A.071 is void ab initio, it does not legally exist and thus it cannot be amended. Therefore, NRCP 15(a)’s amendment provisions, whether allowing amendment as a matter of course or leave to amend, are inapplicable. A complaint that does not comply with NRS 41A.071 is void and must be dismissed; no amendment is permitted.
This conclusion accords with our previously noted view of NRS 41A.071 and NRCP 15(a)’s leave-to-amend provision. In Borger v. District Court, we noted NRS 41A.071’s silence with regard to amendments and concluded in dictum that “NRS 41A.071 clearly *1305 mandates dismissal, without leave to amend, for complete failure to attach an affidavit to the complaint.’ ’[24] Later, in Szydel v. Markman, we reiterated, again in dictum, that “NRS 41A.071 requires dismissal whenever the expert affidavit requirement is not met.’ ’[25]
Further, the majority of state courts addressing this issue, under similar statutory schemes, also hold that when a complaint is filed without a medical expert affidavit, the trial court must dismiss the complaint.[26] These courts conclude that permitting amendment would conflict with legislative intent and pervert the statute’s purpose.[27] As one court has noted, although “the [medical malpractice] statute may have harsh results in some cases, it cuts with a sharp but clean edge.’ ’[28] Because in Nevada, noncompliance with NRS 41A.071’s affidavit requirement renders a complaint void ab initio, we agree with those courts that amendment is not permitted and dismissal is required.[29]

*1306
CONCLUSION

We conclude that when a plaintiff has failed to meet NRS 41A.071’s expert affidavit requirement, the complaint is void ab initio and must be dismissed, without prejudice, and no amendment to cure an NRS 41A.071 defect is allowed. Therefore, the district court erred by denying Washoe Medical’s motions to dismiss and to strike.
Accordingly, we grant Washoe Medical’s petition, and we direct the court clerk to issue a writ of mandamus directing the district court to grant Washoe Medical’s motions.
Becker, Gibbons and Parraguirre, JJ., concur.

 Dr. Glenn is not a party to this petition.

 NRS 34.160.

 NRS 34.170.

 Borger v. Dist. Ct., 120 Nev. 1021, 1025, 102 P.3d 600, 603 (2004).

 Beazer Homes Nevada, Inc. v. Dist. Ct., 120 Nev. 575, 578-79, 97 P.3d 1132, 1134 (2004); Smith v. District Court, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

 Beazer Homes Nevada, 120 Nev. at 579, 97 P.3d at 1135.

 Id. at 579-80, 97 P.3d at 1135.

 Id. at 580, 97 P.3d at 1135.

 Potter v. Potter, 121 Nev. 613, 616, 119 P.3d 1246, 1248 (2005).

 City Plan Dev. v. State, Labor Comm’r, 121 Nev. 419, 435, 117 P.3d 182, 192 (2005).

 97 Nev. 86, 624 P.2d 1003 (1981).

 Id. at 87, 624 P.2d at 1004.

 Id. (quoting NRS 41A.070).

 Id.

 Id. at 88, 624 P.2d at 1004.

 Id.

 Tarango v. SIIS, 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) (“‘P]n statutes, “may” is permissive and “shall” is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature.’” (quoting S.N.E.A. v. Daines, 108 Nev. 15, 19, 824 P.2d 276, 278 (1992))).

 Cf. Harris Assocs. v. Clark County Sch. Dist., 119 Nev. 638, 642, 81 P.3d 532, 535 (2003) (stating that when the Legislature amends a statute to change its language from “may” to “shall,” this evinces the Legislature’s intent that the statutory provision be mandatory).

 Szydel v. Markman, 121 Nev. 453, 459, 117 P.3d 200, 204 (2005).

 Minutes of the Meeting of the Assembly Comm, on Medical Malpractice Issues, 18th Special Sess. (Nev., July 29, 2002) (statement of Assemblywoman Buckley).

 Minutes of the Meeting of the Assembly Comm. on Medical Malpractice Issues, 18thSpecial Sess. (Nev., July 30, 2002) (statement of Bill Bradley, Nevada Trial Lawyers Association).

 Id.

 See Black’s Law Dictionary 5 (8th ed. 2004) (defining “ab initio” as “from the beginning”).

 120 Nev. at 1029, 102 P.3d at 606 (emphasis added).

 121 Nev. at 458, 117 P.3d at 204.

 E.g., Bardo v. Liss, 614 S.E.2d 101, 104 (Ga. Ct. App. 2005); Fales v. Jacobs, 588 S.E.2d 294, 295 (Ga. Ct. App. 2003); Holmes v. Michigan Capital Medical Center, 620 N.W.2d 319, 322 (Mich. Ct. App. 2000); Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 578 (Minn. 1999); Thigpen v. NGO, 558 S.E.2d 162, 165 (N.C. 2002); Lookshin v. Feldman, 127 S.W.3d 100, 105 (Tex. Ct. App. 2003).

 E.g., Fales, 588 S.E.2d at 295; Holmes, 620 N.W.2d at 322; Thigpen, 558 S.E.2d at 166-67.

 Lindberg, 599 N.W.2d at 578.

 Barker argues that interpreting NRS 41A.071 as not permitting an NRCP 15(a) amendment would abrogate NRCP 15(a) and, therefore, violate the separation of powers doctrine by unduly impinging on the judiciary’s inherent authority to economically and fairly manage litigation. We disagree. Under the separation of powers doctrine, the Legislature “ ‘may not enact a procedural statute that conflicts with a pre-existing procedural rule.’ ” State v. Dist. Ct., 116 Nev. 953, 959, 11 P.3d 1209, 1213 (2000) (quoting State v. Connery, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983) (citation omitted)). A procedural statute that conflicts with a preexisting procedural rule is of no effect, and ‘“the rule supersedes the statute and controls,’” id. at 960, 11 P.3d at 1213 (quoting Connery, 99 Nev. at 345, 661 P.2d at 1300), so as not to interfere with the judiciary’s inherent authority to procedurally manage litigation. Borger, 120 Nev. at 1029, 102 P.3d at 606. The requirement to file an expert affidavit with a medical malpractice complaint does not infringe on or interfere with the judiciary’s inherent authority to procedurally manage litigation. Id. Further, NRS 41A.071 renders a complaint void when it is filed without an expert affidavit. As we have concluded above, because a void complaint cannot be amended, NRCP 15(a) is inapplicable in this instance. Accordingly, NRS 41A.071 does not conflict with NRCP 15(a), and there is no separation of powers violation.