An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLO BAUDO,
Appellant,
vs.
JEFFERSON BRACEY, D.O.,
INDIVIDUALLY,
Respondent.

No. 58778

FILED

MAY 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order, certified as final under NRCP 54(b), dismissing a complaint in a medical malpractice action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Nicolo Baudo filed a medical malpractice complaint against multiple defendants, including respondent Jefferson Bracey, D.O. Attached to the complaint pursuant to NRS 41A.071 was an expert medical affidavit that referenced the date that Bracey treated Baudo but failed to include Bracey's name. Bracey moved to dismiss, arguing deficiency in the affidavit because it did not specifically name him as the negligent party. Senior Judge Sally Loehrer, sitting in for Judge Nancy Allf, granted the motion to dismiss because the affidavit failed to allege that Bracey was negligent or that his conduct fell below the standard of care. Subsequently, Judge Allf heard the same argument from a different defendant in this case and denied the motion to dismiss based on a

reading of the affidavit with the complaint. Baudo appealed and the lower-court proceedings were stayed pending the resolution of this appeal.[1]

On appeal, we must determine whether the complaint and the affidavit required by NRS 41A.071 should be read together or whether the action was properly dismissed when the affidavit did not specifically name Bracey. We conclude that the complaint and affidavit are not to be read together, the affidavit must independently establish a claim for medical malpractice.

NRS 41A.071 provides that a medical malpractice action must be filed with "*an affidavit, supporting the allegations contained in the action*, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." (Emphasis added.) This affidavit requirement was implemented "'to lower costs, reduce frivolous lawsuits, and ensure that medical malpractice actions are filed in good faith based upon competent expert medical opinion.'" *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006) (quoting *Szydel v. Markman*, 121 Nev. 453, 459, 117 P.3d 200, 204 (2005)); *see also Fierle v. Perez*, 125 Nev. 728, 737-38, 219 P.3d 906, 912 (2009). The affidavit is also necessary for the district court to confirm whether the case is meritorious. *Washoe Med. Ctr.*, 122 Nev. at 1304, 148 P.3d at 794.

---

[1]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

While NRS 41A.071 is to be liberally construed, *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1028, 102 P.3d 600, 605 (2004), if a party fails to file a qualifying affidavit with its complaint, then the complaint "is void and must be dismissed; no amendment is permitted." *Washoe Med. Ctr.*, 122 Nev. at 1304, 148 P.3d at 794.

Whether an allegedly deficient affidavit of merit that was properly attached to the complaint should be read together with the complaint turns on NRS 41A.071's requirement that a medical expert's affidavit support the allegations in the complaint. We conclude that, based on this requirement, the affidavit must independently demonstrate a specific claim for malpractice. Thus, a medical expert's opinion demonstrating negligence on behalf of each defendant is required to limit the court's caseload to only meritorious cases. In this case, the insufficient affidavit does not meet the threshold requirement to show a specific claim for malpractice. It is not merely missing some technical information that could be corrected, but completely fails to allege a claim for medical negligence against Bracey. Although amendment should be allowed in instances where technical or clerical errors require correction, the error in this case exceeded the scope of a mere technical or clerical error. Because

Bracey was not named in the affidavit and his involvement is not implicated, we conclude that the district court was obligated under the language of NRS 41A.071 to dismiss the action.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Ales & Bryson
Robichaud Law Office
Eighth District Court Clerk