# IN THE SUPREME COURT OF THE STATE OF NEVADA

SOUTHERN NEVADA ADULT
MENTAL HEALTH SERVICES;
CHELSEA SZKLANY; MICHAEL
WILLDEN; RICHARD WHITLEY; LEON
RAVIN, M.D.; ANURAG GUPTA, M.D.;
AND KYLE DEVINE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
and
JAMES FLAVY COY BROWN,
Real Party in Interest.

No. 67931

FILED

MAY 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss for failure to attach an NRS 41A.071 medical malpractice expert affidavit to a complaint.

On August 25, 2014, real party in interest, James Brown, filed a class action complaint for negligence, professional negligence, gross negligence, negligence per se, breach of fiduciary duty, tortious breach of fiduciary duty, and negligent hiring, supervision and training. Brown asserted these claims against the petitioners who were public officials and various hospital administrators, physicians, social workers, and health professionals associated with Southern Nevada Adult Mental Health

16-15864

Services, which operated the Rawson-Neal Psychiatric Hospital (Rawson-Neal). Brown and the people he seeks to represent were former psychiatric patients at Rawson-Neal. Brown alleges that Rawson-Neal involuntarily discharged patients and sent them out of the state, with no plan for follow-up treatment once they arrived at their destination. Brown claims these patients were provided with prepaid bus tickets, medicated with powerful anti-psychotic/tranquilizing drugs before they were discharged, and physically escorted to taxis bound for the Greyhound Bus Station in Las Vegas.

On December 9, 2014, Rawson-Neal filed a motion to dismiss. We do not have the briefing on the motion to dismiss in the record on appeal but it appears that Rawson-Neal argued that NRS 41A.071 required the district court to dismiss the case without prejudice because Brown did not attach a medical affidavit to his complaint. On January 28, 2015, the district court held a hearing on the motion and determined that a claim of professional negligence against a physician is medical malpractice and thus, an affidavit is required. Rawson-Neal requested that the district court dismiss the entire complaint without prejudice, but the court declined. Instead, the "[c]ourt suggested in an abundance of caution [Brown's council] should get the affidavit." At the end of the hearing, the court stated "its understanding that the Plaintiff will be amending the complaint to allege medical malpractice, provide an affidavit."[1]

On February 11, 2015, the district court entered a minute order denying the motion to dismiss and permitting Brown to amend his

[1]The record only included the minutes from the hearing.

complaint. Brown had already filed an amended complaint with an affidavit on February 10, 2015, the day before the statute of limitations ran. The amended complaint added a claim of medical malpractice and conspiracy, but did not eliminate any of the other claims made in the original complaint. Rawson-Neal then filed the instant writ.

A writ of mandamus is "available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station or to control an arbitrary or capricious exercise of discretion." NRS 34.160. On the other hand, a writ of prohibition restrains the proceedings of the district court, if "such proceedings are without or in excess of the jurisdiction of such tribunal." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.320. Writ relief may not be used "to control the judicial discretion of the district court unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 147, 42 P.3d 233, 237-38 (2002) (internal quotation omitted). It "is an extraordinary remedy that will only issue at the discretion of this court." *Id.* at 146, 42 P.3d at 237. A writ will "not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law." *Wheble v. Eighth Judicial Dist. Court*, 128 Nev. 119, 122, 272 P.3d 134, 136 (2012).

This court generally declines to consider writ petitions that challenge district court denials of motions to dismiss. *See State*, 118 Nev. at 147, 42 P.3d at 238. Still, this court may hear such petitions when: "(1) no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule; or (2) an important issue of law needs clarification and considerations of sound

judicial economy and administration militate in favor of granting the petition." *Id.* However, "[f]ew such writ petitions are granted and most are summarily denied." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579, 97 P.3d 1132, 1134 (2004).

Under the first prong of the test, we decline to consider this writ petition. Rawson-Neal argues that under the "clear language of NRS 41A.071 and the applicable case law, the State Defendants' motion to dismiss should have been granted once the District Court concluded that the claims constituted medical malpractice." NRS 41A.071 states, in relevant part, "[i]f an action for medical malpractice . . . is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without a[ ] [medical expert] affidavit." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 793 (2006). This court has decided that "a medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio." *Id.* at 1304, 148 P.3d at 794. This court explained that void ab initio meant that the complaint has no force and effect, does not legally exist, and therefore, cannot be amended. *Id.*

As such, if the district court determined that all the claims in the complaint were for medical malpractice, under *Washoe Medical Center*, the district court would have been obligated to dismiss the complaint as void ab initio. Yet, from the limited record before us, that does not appear to be the situation in this case. The record only demonstrates that the district court determined that Brown's professional negligence claim against the Rawson-Neal physicians was for medical malpractice and thus, needed a medical malpractice affidavit. *Washoe Medical Center* did not clearly require the district court to dismiss the whole complaint

because it found that one of Brown's claims within the complaint was for medical malpractice, while making no findings as to the other claims.[2] Indeed, the complaint in *Washoe Medical Center* was for negligence during a surgical procedure and this court did not discuss, and it does not appear that the complaint asserted, any other potential non-medical malpractice claims. *See id.* at 1301, 148 P.3d at 792. Additionally, the amended complaint with the supporting affidavit in *Washoe Medical Center* was filed after the statute of limitations had expired, making it unclear whether a complaint may be amended to add a medical malpractice claim before the statute of limitations has run, as is the situation here.[3] *Id.*; *see Baxter v. Dignity Health*, 131 Nev., Adv. Op. 76, 357 P.3d 927, 931 (reading together the plaintiff's complaint and affidavit of merit, filed a day after the complaint, in part because the defendants were in "no worse position" than if the plaintiff had attached the affidavit to the complaint).

The interest of sound judicial economy also militates against writ relief at this point in this case. As noted, the district court expressed no opinion on whether Brown's other negligence claims were for medical malpractice and we decline to do so in the first instance. The "distinction

---

[2]Brown also brought his professional negligence cause of action against a hospital administrator and other professionals at Rawson-Neal. The district court did not decide whether those claims fell under the medical malpractice statute.

[3]Moreover, it is difficult for this court to conclude that the district court manifestly abused its discretion or exercised it in an arbitrary and capricious manner by failing to decide whether each cause of action in Brown's complaint was for medical malpractice. The motion practice for the motion to dismiss was not included in the record, so this court does not know the content of Rawson-Neal's argument to the district court.

between medical malpractice and negligence claims is subtle [and] differentiating between the two types of claims depends heavily on the facts of each individual case." *Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 504 (S.C. 2014). Most of the allegations in the complaint revolved around the discharge of Brown and the failure of Rawson-Neal to develop or implement proper discharge policies. Yet, we have hardly any facts on the process of discharging Brown, how Rawson-Neal formulated its discharge policies, and whether and to what extent non-medical professionals were involved. Nothing prohibits Rawson-Neal from bringing a motion for summary judgment when the record is more developed and challenging that order by writ, or proceeding through the normal appeals process. For these reasons, we decline to intervene by extraordinary writ at this point in the proceedings and, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

Supreme Court
OF
Nevada

(O) 1947A

cc:    Hon. Valerie Adair, District Judge
        Attorney General/Carson City
        Attorney General/Las Vegas
        Allen Lichtenstein
        Staci J. Pratt
        Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A