132 Nev., Advance Opinion 37

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSUE TERRONES VALDEZ,
Appellant,
vs.
PATRICIA SOTO AGUILAR,
Respondent.

No. 66854

**FILED**

MAY 26 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a district court order affirming in part and denying in part a master's findings and recommendations in a child support matter. Second Judicial District Court, Family Court Division, Washoe County; Bridget E. Robb, Judge.

*Reversed and remanded.*

Jonathan H. King, Reno,
for Appellant.

Patricia Soto Aguilar, Reno,
in Pro Se.

Christopher J. Hicks, District Attorney, and Susan D. Hallahan, Deputy District Attorney, Family Support Division, Washoe County,
for Washoe County District Attorney's Office.

BEFORE THE COURT EN BANC.

OPINION

By the Court, HARDESTY, J.:

In this appeal, we must determine whether a court-ordered child support obligation owed by a noncustodial parent receiving public

16-16621

assistance to a custodial parent is suspended by NRS 425.360(4). We conclude that the support obligation is not suspended. The provisions of NRS 425.360 are only implicated when public assistance has "creat[ed] a debt for support to the Division" of Welfare and Supportive Services of the Department of Health and Human Services. It does not apply to suspend child support payments owed by one parent to another. Accordingly, we reverse the district court order and remand for a recalculation of child support arrearages.

## FACTS AND PROCEDURAL HISTORY

Josue Terrones Valdez and Patricia Soto Aguilar are the parents of a minor child. As the custodial parent, Valdez sought child support payments from Aguilar. The district court entered a child support order effective December 2010 requiring Aguilar to pay $531 per month. Aguilar failed to make payments, so on August 12, 2013, Valdez moved for enforcement of the child support order, alleging that Aguilar had child support arrearages of over $19,000.

In defense, Aguilar, who had received public assistance during a portion of the time she owed support, asserted that her child support obligation to Valdez should be suspended pursuant to NRS 425.360(4), which provides that "[d]ebts for support may not be incurred by a parent or any other person who is the recipient of public assistance for the benefit of a dependent child for the period when the parent or other person is a recipient." However, Aguilar received public assistance for the benefit of her dependent children, but not the child fathered by Valdez.

The family court master conducted a hearing and issued findings and recommendations staying Aguilar's child support obligation to Valdez during the time periods in which she received public assistance

on behalf of a child. The family court master determined that NRS 425.360(4) does not act as a retroactive modification of Aguilar's child support obligation and does not constitute a "taking." Valdez objected, but the district court agreed with the court master's finding and denied Valdez's objection. This appeal followed.

## DISCUSSION

We review issues of statutory interpretation de novo. *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006). When interpreting a statute, we "give effect to the statute's plain meaning" and when its language "is plain and unambiguous, such that it is capable of only one meaning, [we do] not construe that statute otherwise." *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 228-29, 209 P.3d 766, 769 (2009). But an ambiguous statute that "is susceptible to differing reasonable interpretations, . . . should be construed consistently with what reason and public policy would indicate the Legislature intended." *Star Ins. Co. v. Neighbors*, 122 Nev. 773, 776, 138 P.3d 507, 510 (2006) (internal quotation marks omitted).

Valdez argues that NRS 425.360(4) results in an impermissible retroactive modification of child support and is unconstitutional. Before we reach Valdez's arguments, we must first determine whether NRS 425.360(4) is applicable.[1]

NRS 425.360(4) must be read in the context of the statute as a whole. *C. Nicholas Pereos, Ltd. v. Bank of Am.*, 131 Nev., Adv. Op. 44, 352 P.3d 1133, 1136 (2015) ("When interpreting a statute, this court considers

---

[1]The district court failed to make this initial determination, likely due to the lack of argument by the parties.

the statute's multiple legislative provisions as a whole." (internal quotation marks omitted)). NRS 425.360(1) provides that "[a]ny payment of public assistance pursuant to this chapter creates a debt for support to the Division by the responsible parent, whether or not the parent received prior notice that the child of the parent was receiving public assistance." "'[P]ublic assistance' mean[s] any payment made by the Division to or on behalf of a child." NRS 425.280. If a debt for support is created for the parties' child pursuant to NRS 425.360(1), it must then be determined whether there is an exemption from reimbursement for that debt pursuant to NRS 425.360(4). NRS 425.360(4) excuses payments of debts for support owed by a parent to the Division if that parent is a recipient of public assistance for the benefit of any child. NRS 425.360(4), when interpreted in context with NRS 425.360(1), only acts to exempt a parent from a debt for support owed *to the Division*. NRS 425.360(4) does not act to independently exempt a parent from a child support obligation *to the custodial parent* of their child. Thus, it is clear from the plain language of the statute that NRS 425.360 does not apply in the instant case.

We note that this plain language interpretation is consistent with the spirit of the statute. *See Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 147, 179 P.3d 542, 548 (2008). NRS 425.360 was part of a federal mandate to require states to enforce child support. Hearing on S.B. 454 Before the Assembly Judiciary Comm., 59th Leg. (Nev., April 18, 1977) (Summary Explanation). NRS 425.360 gave a right of assignment of child support debt to welfare departments to decrease the burden of caring for these children and require parents to pay support. *See* NRS 425.340 (providing that the purpose of NRS Chapter 425 is for "children [to] be promptly maintained insofar as possible from

the resources of responsible parents"); *see also* Hearing on S.B. 454 Before the Assembly Judiciary Comm., 59th Leg. (Nev., April 18, 1977) (explaining that S.B. 454's purpose was to "provide cost-beneficial reductions in welfare rolls by causing parents to meet their primary obligation to support their dependent children"). Because the spirit of NRS 425.360 was to ensure that the Division received reimbursement from a responsible parent for the support it made to a child, NRS 425.360 is irrelevant to the enforcement of a child support obligation between parents where no debt to the Division has been created. Therefore, we conclude that NRS 425.360(4) does not relieve Aguilar from having to pay child support to Valdez for the support of their child.

Having concluded that NRS 425.360 does not apply here, we do not consider Valdez's arguments as to whether NRS 425.360(4) results in an impermissible retroactive modification of child support or is unconstitutional.

Accordingly, for the reasons set forth above, we reverse the

district court's order denying Valdez's objection to the master's recommendations and remand this matter for further proceedings.

_____, J.
Hardesty

We concur:

_____, C. J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering