# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARMINDER KANG, M.D.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM D. KEPHART, DISTRICT
JUDGE,
Respondents,
   and
PETER SNOVITCH; AND ZIMMER, US,
INC.,
Real Parties in Interest.

No. 79690



FILED

MAR 2 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
          DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in an action alleging breach of contract and fraud. Petitioner Parminder Kang, M.D., performed a knee replacement surgery on real party in interest Peter Snovitch using a different knee implant device than the one agreed to. Having considered petitioner's arguments and the supporting documents, we conclude that our extraordinary and discretionary intervention is not warranted. *See* NRS 34.160; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237-38 (2002) (observing that this court generally will not consider writ petitions challenging orders denying motions to dismiss except when "(1) no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule; or (2) an important issue

20-11405

of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition").

Specifically, petitioner failed to demonstrate that the district court was obligated to dismiss the action pursuant to NRS 41A.071. NRS 41A.071 mandates that a district court dismiss an action for professional negligence if filed without a medical expert affidavit. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1303, 148 P.3d 790, 793-94 (2006). While the parties do not dispute that a medical expert affidavit was not attached, petitioner has not shown that NRS 41A.071 applied to real party in interest's claims for breach of contract and fraud. We reject petitioner's argument that the gravamen of the claims is professional negligence simply because the alleged facts "involve medical diagnosis, treatment, or judgment." *See Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 648, 403 P.3d 1280, 1288 (2017) ("A claim is grounded in medical malpractice and must adhere to NRS 41A.071 where the facts underlying the claim involve medical diagnosis, treatment, or judgment *and the standards of care pertaining to the medical issue require explanation to the jury from a medical expert at trial*." (emphasis added)). We observe that real party in interest's claims do not require a medical expert to explain the standard of care to the jury.

Furthermore, we reject petitioner's argument that this court's intervention is needed to clarify the requirements under NRS 41A.071 because NRS 41A.071 does not apply here. Petitioner has also failed to demonstrate how sound judicial economy and administration militate in favor of granting this petition. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Cadish

cc:    Hon. William D. Kephart, District Judge
John H. Cotton & Associates, Ltd.
Alverson Taylor & Sanders
Matt Pfau Law Group
Eighth District Court Clerk

_____

[1]The Honorable Abbi Silver, Justice, is disqualified from participation in the decision of this matter.