IN THE SUPREME COURT OF THE STATE OF NEVADA

DARREN W. SOONG, M.D.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE JESSICA K.
PETERSON, DISTRICT JUDGE,
Respondents,
and
SUSANNA MANUKYAN,
Real Party in Interest.

No. 82472

**FILED**

JUL 1 2 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss in a medical malpractice action.

Real party in interest Susanna Manukyan filed a medical malpractice action alleging that petitioner Darren W. Soong, M.D., and other named defendants negligently positioned her for surgery, resulting in a nerve injury and leg pain. Dr. Soong moved to dismiss the complaint, arguing that the expert declarations failed to satisfy three of NRS 41A.071's four statutory requirements such that the complaint failed to state a claim upon which relief could be granted. *See* NRS 41A.071 (requiring dismissal of a professional negligence claim filed without an affidavit from a medical expert meeting certain requirements); NRCP 12(b)(5) (addressing motions to dismiss). Specifically, Dr. Soong argued that Manukyan's complaint failed to comply with NRS 41A.071(1), (2), and (4) because, respectively, the attached declarations did not support the complaint's allegations, the declarants who submitted them did not practice in a substantially similar type of practice as him, and they failed to allege that he committed any

21-19990

specific acts of negligence. The district court summarily denied Dr. Soong's motion, finding that the declarations met the statutory requirements. Dr. Soong filed the instant petition for a writ of mandamus, arguing that the district court erred in denying his motion to dismiss when the complaint did not comply with NRS 41A.071's expert affidavit requirements. We agree.

Having reviewed the complaint and declarations, we conclude they do not support the allegations against Dr. Soong because they do not specify that he committed any "act or acts of alleged negligence."[1] NRS 41A.071(4) (requiring a medical expert affidavit to "[s]et forth factually a specific act or acts of alleged negligence separately as to each defendant"); *see also Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006) (reviewing a district court's application of NRS 41A.071 de novo). Here, the declarations opine only that Dr. Soong, along with other named members of the "surgical team," acted below the standard of care when positioning Manukyan for surgery and approving her positioning for surgery. *See Zohar v. Zbiegien*, 130 Nev. 733, 739, 344 P.3d 402, 406 (2014) (requiring a court to review the complaint and expert affidavits together when determining whether the affidavits satisfy the statutory requirements). And although one of those declarations describes the standard of care for positioning patients for bariatric surgery, it also concedes that the medical records do not indicate who positioned Manukyan for surgery, and that no evidence confirmed whether Dr. Soong followed those standards at the time of her surgery. Thus, the district court had an obligation under the strict language of NRS 41A.071 to dismiss the action against Dr. Soong, and it erred when it failed to do so. *See* NRS 34.160;

---

[1]Given our disposition, we need not address Dr. Soong's remaining arguments regarding whether the declarations satisfied the statute's other requirements.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Washoe Med. Ctr.*, 122 Nev. at 1303, 148 P.3d at 793-94 (observing that NRS 41A.071's language providing "that a complaint filed without an expert affidavit *shall* be dismissed" leaves "no discretion" and such a complaint "must be automatically dismissed" when the statute is not satisfied (emphasis in original)). We therefore conclude that a writ is appropriate in this case because dismissal is warranted as a matter of law and Dr. Soong lacks "an adequate and speedy legal remedy, given the early stages of litigation." *Int'l Game Tech, Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008) (explaining that this court "will consider petitions denying motions to dismiss when . . . the district court is obligated to dismiss an action pursuant to clear [statutory] authority"). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant Dr. Soong's motion to dismiss due to the defective declarations.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:   Hon. Jessica K. Peterson, District Judge
      Lemons, Grundy & Eisenberg
      Law Offices of Steven M. Burris, LLC
      Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.