138 Nev., Advance Opinion 70

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNN YAFCHAK, STATUTORY HEIR
AND SPECIAL ADMINISTRATOR TO
THE ESTATE OF JOAN YAFCHAK,
DECEASED,
Appellant,
vs.
SOUTH LAS VEGAS MEDICAL
INVESTORS, LLC, D/B/A LIFE CARE
CENTER OF SOUTH LAS VEGAS,
ERRONEOUSLY NAMED AS LIFE
CARE CENTERS OF AMERICA, A
FOREIGN CORPORATION,
Respondent.

No. 82746



FILED

OCT 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a negligence action involving a skilled nursing home. Eighth Judicial District Court, Clark County; Crystal Eller, Judge.

*Reversed and remanded.*

Cogburn Law and Jamie S. Cogburn and Joseph J. Troiano, Henderson, for Appellant.

Lewis Roca Rothgerber Christie LLP and Abraham G. Smith, Daniel F. Polsenberg, Joel D. Henriod, and Kory J. Koerperich, Las Vegas; Hall Prangle & Schoonveld, LLC, and Casey W. Tyler and Zachary J. Thompson, Las Vegas,
for Respondent.

Claggett & Sykes Law Firm and Micah S. Echols and David P. Snyder, Las Vegas; Law Office of Matthew L. Sharp and Matthew L. Sharp, Reno, for Amicus Curiae Nevada Justice Association.

22-33783

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

In this opinion we both clarify the relationship between Nevada's professional negligence statutes, NRS Chapter 41A, and Nevada's elder abuse statute, NRS 41.1395, and also discuss their application to claims against skilled nursing home facilities. Claims under these statutes are separate and distinct, and it is important that the claims are properly classified because only claims for professional negligence require plaintiffs to include an affidavit of merit as part of their complaint. In the underlying proceeding, the district court concluded that appellant's allegations sounded in professional negligence and dismissed her complaint for failure to attach an affidavit of merit. For the reasons stated below, we conclude that factual development as to the gravamen of the plaintiff's allegations is necessary before such a determination can be reached. Thus, we reverse the district court's dismissal order and remand for further proceedings consistent with this decision.

FACTS AND PROCEDURAL HISTORY

Appellant Lynn Yafchak filed a complaint against respondent skilled nursing home Life Care Center of South Las Vegas (LCC) and ten unnamed defendants for injuries that her mother, decedent Joan Yafchak (Joan), suffered while a resident at LCC. In her complaint, Yafchak asserted elder abuse, negligence, and wrongful death claims. Yafchak did not attach an affidavit of merit to her complaint. Nor did Yafchak specify which negligent actions were allegedly committed by LCC's employees or which employees were responsible for the alleged improper care. Further,

(O) 1947A

LCC did not proffer any evidence that clarified either of these two issues. Instead, Yafchak's complaint only generally averred that the negligent conduct of LCC's employees was the cause of Joan's death and that their negligence stemmed from LCC's own negligent hiring, training, and supervision of said employees.

LCC moved to dismiss Yafchak's complaint, arguing that although her complaint did not expressly plead claims of professional negligence, Yafchak's allegations sounded in professional negligence and thus required her to attach an affidavit of merit. The district court, relying on our decision in *Estate of Curtis v. South Las Vegas Medical Investors, LLC*, 136 Nev. 350, 466 P.3d 1263 (2020), agreed that Yafchak's claims arose from allegations of professional negligence, therefore requiring her complaint to be accompanied by an affidavit of merit. Because Yafchak's complaint did not include the required affidavit, the district court granted LCC's motion to dismiss.[1]

## DISCUSSION

In Nevada, actions for professional negligence are governed by NRS Chapter 41A. NRS Chapter 41A applies solely to claims regarding medical negligence committed by a "provider of health care." NRS 41A.015. A "provider of health care" is statutorily defined in NRS 41A.017. Where a complaint includes allegations of professional negligence, the plaintiff must include an affidavit of merit with their complaint. NRS 41A.071. If a complaint averring professional negligence is filed without an affidavit of

[1]The district court also dismissed Yafchak's complaint as time-barred under NRS 41A.097(2). However, as we will explain, it is not clear that NRS Chapter 41A applies to Yafchak's complaint. Thus, we reverse the district court's decision to dismiss her complaint on this alternative ground.

merit, the complaint is void ab initio and dismissed. *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1300, 148 P.3d 790, 792 (2006).

Nevada has also provided a statutory cause of action for elder abuse, NRS 41.1395, wherein an action may be brought on behalf of an elder or vulnerable person for an injury that they suffered because of abuse, neglect, or exploitation. NRS 41.1395 is an important statute for protecting Nevada's elderly and vulnerable population and incentivizes attorneys to represent this type of client by permitting plaintiffs to recover enhanced damages and, where appropriate, attorney fees and costs. *See* NRS 41.1395(1)-(2).

Claims under NRS Chapter 41A and NRS 41.1395 are separate and distinct. This is crucial because only claims arising under NRS Chapter 41A require the plaintiff to attach an affidavit of merit. *Compare* NRS 41A.071, *with* NRS 41.1395. In *Curtis*, we recognized that although a complaint may not expressly include a claim for professional negligence, a plaintiff may nevertheless be required to comply with the affidavit of merit requirement if the underlying allegations sound in professional negligence. 136 Nev. at 353-54, 466 P.3d at 1266-67. For example, where a complaint asserts direct liability against an employer for negligent hiring, training, and supervision, the complaint against the employer may be subject to the affidavit requirement if the underlying tortfeasor employee's negligence constitutes professional negligence. *Id.* As we emphasized, courts must focus on the gravamen or substance of each claim rather than its form. *Id.* at 353, 466 P.3d at 1266.

SUPREME COURT
OF
NEVADA

(O) 1947A

While professional negligence and elder abuse claims are legally discrete, we also acknowledge that the facts supporting these two types of claims are often closely related or overlapping. This may make determining which statute the claim properly arises under difficult. It may be particularly unclear as to allegations concerning an elderly person's mistreatment at a skilled nursing facility because these facilities often provide both standard and medical care for their residents and are staffed by both persons who do and persons who do not meet NRS 41A.017's definition of a provider of health care. Thus, in determining whether the gravamen of a claim sounds in professional negligence or elder abuse, courts must give particular consideration to the underlying facts and how they are alleged in the complaint.

Here, relying on *Curtis*, the district court concluded from the totality of the allegations in the complaint that Yafchak's claims against LCC sounded in professional negligence. We review the district court's decision to dismiss Yafchak's complaint for failing to comply with NRS 41A.071 de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 736, 334 P.3d 402, 404 (2014). We will affirm such a ruling only where it appears beyond a doubt that the plaintiff could prove no set of facts that would entitle her to relief. *Id.* at 736, 334 P.3d at 405. Namely, when a defendant moves to dismiss a plaintiff's complaint for failing to comply with NRS 41A.071, the burden is on the defendant to demonstrate that plaintiff's allegations arise under NRS Chapter 41A. And, when reviewing a motion to dismiss, "this court will recognize all factual allegations in [the plaintiff's] complaint as true and draw all inferences in its favor." *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

Supreme Court
of
Nevada

(O) 1947A

5

Based on the allegations in Yafchak's complaint, and drawing all inferences in her favor, it cannot be determined at this juncture that the gravamen of her allegations sound in professional negligence as opposed to elder abuse. While it appears that Yafchak's allegations primarily concern two related instances—(1) LCC's failure to properly assess Joan after she fell and (2) LCC's failure to monitor and care for Joan—there is critical information missing that is necessary to determine whether Yafchak's complaint avers professional negligence as opposed to elder abuse. For example, as noted above, NRS Chapter 41A only applies to professional negligence committed by a "provider of health care." Here, based on the allegations in the complaint, it is unclear whether the alleged tortious conduct was a medical decision undertaken by a "provider of health care." Unlike in *Curtis*, where it was specifically asserted that the underlying negligence was committed by a nurse (a person included within NRS 41A.017's definition of a provider of health care), Yafchak's complaint does not identify who on LCC's staff allegedly injured Joan. For example, a nursing home facility may be vicariously liable for the professional negligence of a nursing home employee who is a provider of health care, in which case the nursing home would be subject to NRS Chapter 41A. LCC, as the moving party, had the burden of demonstrating Yafchak's allegations arose from professional negligence committed by a provider of health care. Because Yafchak's complaint was dismissed prior to any discovery, we are confined solely to reviewing Yafchak's complaint, and looking at the face of the complaint, it cannot be said that there is no set of facts that place Yafchak's allegations beyond the realm of professional negligence and

within the scope of elder abuse.[2] Thus, we conclude that LCC failed to meet its burden.

## CONCLUSION

Allegations of professional negligence and elder abuse are separate and distinct, with only the former requiring the plaintiff to file an affidavit of merit when alleged as part of a negligent hiring, training, and supervision claim. Based on the face of Yafchak's complaint, it is unclear whether the gravamen of her claims against LCC sound in professional negligence as opposed to elder abuse. Further factual development is necessary before such a determination can be reached. Thus, the district court erred in summarily concluding that LCC met its burden in proving that Yafchak's allegations sounded in professional negligence and subsequently dismissing her complaint for failure to attach an affidavit of merit. Accordingly, we reverse the district court's order dismissing

---

[2]LCC expresses concern that permitting Yafchak's complaint to proceed only encourages plaintiffs to file obscure complaints and plead their allegations vaguely to escape summary dismissal. We disagree. First, with respect to Yafchak's complaint, she maintained at oral argument that she was unable to plead her allegations with more specificity because she lacked information from LCC regarding who provided the allegedly negligent care for her mother. Second, and more generally, for a complaint to be proper, it "need only set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and relief sought." *W. States Constr., Inc. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992). Where a defendant believes a complaint to be improperly obscure or otherwise vague, a defendant has alternative avenues by which to seek relief, including filing a motion for a more definite statement. *See* NRCP 12(e).

SUPREME COURT
OF
NEVADA

(O) 1947A

7

Yafchak's complaint and remand this matter for further proceedings consistent with this opinion.[3]

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

---

[3]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.