139 Nev., Advance Opinion 18

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID MONK AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF SHARON MONK,
Appellant,
vs.
HARRY CHING, M.D., AN
INDIVIDUAL; CHRISTOPHER
MCNICOLL, M.D., AN INDIVIDUAL;
AND ALLEN YOUNG, M.D., AN
INDIVIDUAL,
Respondents.

No. 82898



FILED

JUL 06 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order, certified as final under NRCP 54(b), partially dismissing a medical malpractice action. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

*Affirmed.*

Hayes Wakayama Juan and Dale A. Hayes, Jeremy D. Holmes, Dale A. Hayes, Jr., and Liane K. Wakayama, Las Vegas,
for Appellant.

Lewis Brisbois Bisgaard & Smith, LLP, and Brigette E. Foley-Peak, Erin E. Jordan, and S. Brent Vogel, Las Vegas,
for Respondents.

_____

BEFORE THE SUPREME COURT, CADISH, PICKERING, and BELL, JJ.

23-21510

*OPINION*

By the Court, PICKERING, J.:

This is an appeal from a district court order, certified as final under NRCP 54(b), partially dismissing a medical malpractice action for failure to meet NRS 41A.071's affidavit-of-merit requirement as to three of the named defendants. We affirm.[1]

*FACTS AND PROCEDURAL HISTORY*

Sharon Monk underwent surgery at University Medical Center (UMC) to remove a malignant tumor at the base of her tongue. The surgical wound became infected, and Sharon's surgeon performed a second surgery to place a skin graft. The infection worsened, and orders were given to pack the wound with acetic gauze and then to place a wound vac. Months later, it was discovered that the gauze had not been removed, causing Sharon's ongoing pain and recurrent infections. Sharon passed away some months after the gauze was removed.

David Monk, as special administrator of Sharon's estate, sued UMC and Sharon's other healthcare providers. The complaint included as defendants the three physicians who are respondents to this appeal, each of whom allegedly participated in Sharon's post-operative care while in UMC's residency program. Monk supported the complaint with a declaration from Nurse Jamescia Hambrick and her curriculum vitae (CV). Respondents moved to dismiss the claims against them, arguing that Nurse Hambrick failed to show she was qualified to opine to a physician's standard of care and that her declaration failed to adequately identify the alleged negligence or state her opinions to a reasonable degree of medical probability. After a

---

[1]We grant respondents' unopposed motion to publish and issue this opinion in place of our prior unpublished disposition. *See* NRAP 36(f).




hearing, the district court granted respondents' motion, finding that "Nurse Hambrick has not practiced as a physician and has never practiced in the same or substantially similar type of practice" as respondents and that "as a matter of law[,] Nurse Hambrick lacks the qualifications necessary to satisfy NRS 41A.071 as to" respondents.

Monk obtained an order under NRCP 54(b) permitting immediate appeal of the district court's order dismissing respondents from the case. On appeal, he argues that the district court erred in concluding that the claims against respondents cannot be supported by an NRS 41A.071 affidavit produced by a nurse and that Nurse Hambrick's declaration otherwise satisfies NRS 41A.071's prelitigation requirements for actions alleging professional negligence against physicians. He argues alternatively that the affidavit requirement in NRS 41A.071 does not apply because the complaint's allegations fall under the res ipsa loquitur exception for a "foreign substance . . . unintentionally left within the body of a patient following surgery" in NRS 41A.100(1)(a).

*DISCUSSION*

Our review is de novo, *see Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (reviewing de novo issues of statutory construction pertaining to NRS 41A.071), and we affirm. NRS 41A.071(1) provides that "[i]f an action for professional negligence is filed in the district court, the district court shall dismiss the action" if it is filed without an affidavit that "[s]upports the allegations contained in the action." Subsection 2 of NRS 41A.071 requires Nurse Hambrick, as the medical expert submitting the affidavit in support of the complaint, to have practiced "in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence." Subsections 3 and 4 of NRS 41A.071 further provide that the supporting affidavit must "[i]dentif[y] by name, or

describe[ ] by conduct, each provider of health care who is alleged to be negligent," and must "[s]et[ ] forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms."

Here, Nurse Hambrick's declaration and CV reflect that she has training and experience in wound care and post-operative treatment. But her declaration largely recites Sharon's surgical and post-surgical histories and then broadly states that the "nursing/medical standard of care" required the hospital to prevent infections in immunocompromised patients, prevent surgical site infections, and place such patients in isolation. Neither Nurse Hambrick's declaration nor the complaint adequately identifies the specific roles played by each individual respondent. And notably absent from Nurse Hambrick's declaration are the relevant standards of care or any opinion as to how, or even whether, each respondent breached that standard to a reasonable degree of medical probability. Instead, the Hambrick declaration only avers that "[i]t is my opinion *stated to a reasonable degree of nursing certainty and / or probability that the University Medical Center, Las Vegas and its nursing and physical therapy staff* providing care and wound care to Sharon Monk during her admission August 22, 2018 through September 21, 2018 breached the nursing standing of care" by (1) "failing to prevent infection" and (2) "failing to remove gauze used to pack her neck wound causing recurrent infection."

Monk characterizes the issue presented by this appeal as whether a nurse is categorically barred from providing an affidavit against a physician that will satisfy NRS 41A.071. *Compare Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 529, 262 P.3d 360, 367 (2011) (holding that, while the nurse expert could testify at trial to disinfectant techniques,

(O) 1947A

he lacked the expertise to opine as to medical causation), *with Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1028, 102 P.3d 600, 605 (2004) (holding that NRS 41A.071 "does not require that the affiant practice in the same area of medicine as the defendant; rather, it requires that the affiant practice in an area 'substantially similar' to that in which the defendant engaged" at the time of the alleged malpractice). But this case does not require us to go so far. Even when read in conjunction with the complaint, *see Zohar*, 130 Nev. at 739, 334 P.3d at 406, the Hambrick declaration does not sufficiently specify the acts of negligence as to each respondent, or express an opinion as to the medical standard of care the respondent breached. These failures defeat our ability to measure whether Nurse Hambrick has substantially similar expertise to provide the NRS 41A.071 affidavit. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006) (explaining that the affidavit requirement was meant to ensure medical malpractice actions are reviewed by an expert before the case is filed and that such cases are supported by competent medical opinion). The Hambrick declaration and complaint do not satisfy the requirements of NRS 41A.071 as to the respondent physicians.

Monk's alternative argument regarding res ipsa loquitur also lacks merit. The complaint and Hambrick declaration aver, and Monk conceded at oral argument, that the gauze was intentionally placed as part of Sharon's post-operative wound care, not during surgery. NRS 41A.100(1)(a) creates a rebuttable presumption of negligence in medical malpractice cases where "[a] foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery." The "more traditional res ipsa loquitur doctrine has

SUPREME COURT
OF
NEVADA

been replaced by NRS 41A.100." *Born v. Eisenman*, 114 Nev. 854, 859, 962 P.2d 1227, 1230 (1998). And, as our caselaw makes clear, the exception in NRS 41A.100(1)(a) does not apply "where a foreign object was left in the body during a procedure other than surgery." *Peck v. Zipf*, 133 Nev. 890, 894-95, 407 P.3d 775, 779 (2017). Since the gauze was placed and left during a procedure other than surgery, NRS 41A.100(1)(a) does not exempt Monk's claims against the respondent physicians from NRS 41A.071's affidavit-of-merit requirement.

We therefore affirm.

_____, J.
Pickering

We concur:

_____, J.
Cadish

_____, J.
Bell