Docket No. 88597

_____

IN THE SUPREME COURT STATE OF NEVADA

_____

Electronically Filed
Feb 04 2025 10:37 AM
Elizabeth A. Brown
Clerk of Supreme Court

LEANNE NESTER, an individual

Petitioner,

v.

The EIGHTH JUDICIAL DISTRICT COURT – FAMILY DIVISON Of The
STATE Of NEVADA, In and for the COUNTY of CLARK;
and the HONORABLE BRYCE C. DUCKWORTH, DISTRICT JUDGE,

Respondent,

And

CODY GAMBLE, an individual,

Real Party In Interest.

_____

**PROOF OF SERVICE OF WRIT OF MANDAMUS AND OPINION**
_____

Honorable Bryce C. Duckworth, District Court Judge, Department Q
Eighth Judicial District Court – Family Division, Clark County,
Case No. D-21-639924-D

_____

Shannon R. Wilson (9933)
HUTCHISON & STEFFEN, PLLC
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
swilson@hutchlegal.com
(702) 385-2500
*Attorney for Petitioner Leanne Nester*

1

It is hereby certified that an employee of the undersigned served a true and correct copy of the Writ of Mandamus and Opinion, attached hereto as "Exhibit 1," upon the below parties via U.S. mail to the following on February 3, 2025:

Honorable Bryce C. Duckworth,
District Judge
Eighth Judicial District Court – Family
Division, Department Q
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

*Respondent*

DATED this 4th day of February, 2025.

*/s/ Shannon R. Wilson*_____
Shannon R. Wilson (9933)
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I certify that this PROOF OF SERVICE OF WRIT OF MANDAMUS and OPINION was served upon all counsel of record and the district court via U.S. mail to the following:

Honorable Bryce C. Duckworth,
District Judge
Eighth Judicial District Court – Family
Division, Department Q
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

*Respondent*
A courtesy copy was mailed to the
following:

Michael Burton Esq. (14351)
BURTON & VAZQUEZ
7878 W. Sahara Ave., Ste. 110
Las Vegas, NV 89117
eservice@BVlawyers.com

*District Court Counsel for Respondent*

Cody J. Gamble
7710 Villa de la Paz
Las Vegas, NV 89131
(702) 413-8768

*Real Party In Interest in Proper Person*

A courtesy copy was mailed to the
following:

Alexander Falconi of Our Nevada
Judges, Inc.
c/o Luke A. Busby, Esq. (10319)
316 California Ave.,
Reno, NV 89509
luke@lukeandrewbusbyltd.com

*Attorney for Our Nevada Judges, Inc.,
a non-party*

DATED: February 4, 2025.

By: */s/ Kaylee Conradi*
An employee of Hutchison & Steffen, PLLC

3

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 1



SUPREME COURT OF NEVADA

OFFICE OF THE CLERK

ELIZABETH A. BROWN, CLERK
201 SOUTH CARSON STREET, SUITE 201
CARSON CITY, NEVADA   89701-4702

Telephone
(775) 684-1600

January 31, 2025

Shannon R. Wilson
Hutchison & Steffen, LLC/Las Vegas
10080 W. Alta Dr., Ste. 200
Las Vegas, NV 89145

> Re:   Nester vs. District Court (Gamble), No. 88597
>        District Court Case No. D-21-639924-D

Dear Ms. Wilson:

Enclosed please find the original and one copy of the writ of mandamus and one copy of the authored opinion for service upon Judge Bryce C. Duckworth. Please **return** the **original writ** with proof of service attached thereto.

Copies of the writ and authored opinion are enclosed for your files.

Sincerely,

Melissa Fuller
Deputy Clerk

Enclosures
cc w/enclosures (writ & opinion):
    Cody Gamble
    Luke Busby
    Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LEANNE NESTER,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA, IN<br>AND FOR THE COUNTY OF CLARK;<br>AND THE HONORABLE BRYCE C.<br>DUCKWORTH, DISTRICT JUDGE,<br>Respondents,<br>   and<br>CODY GAMBLE,<br>Real Party in Interest. | No. 88597 |

## WRIT OF MANDAMUS

TO: The Honorable Bryce C. Duckworth, Judge of the Eighth Judicial District Court:

WHEREAS, this Court having made and filed its written decision that a writ of mandamus issue,

NOW, THEREFORE, in the case entitled Leanne Nester vs. Cody Gamble, case number D-21-639924-D, you are instructed to vacate the order denying the motion to close the hearing on the motion to modify custody and to reconsider that motion to close, applying the test outlined in *Falconi*.

WITNESS The Honorables Douglas Herndon, Chief Justice, and Lidia Stiglich, Kristina Pickering, Ron D. Parraguirre, Linda Bell, and Elissa Cadish, Associate Justices, of the Supreme Court of the State of Nevada, and attested by my hand and seal this 30th day of January, 2025.



Chief Assistant Clerk

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEANNE NESTER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
BRYCE C. DUCKWORTH, DISTRICT
JUDGE,
Respondents,
    and
CODY GAMBLE,
Real Party in Interest.

No. 88597



FILED

JAN 30 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus in a child custody proceeding challenging a district court order allowing media access in order to protect what a parent claims to be sensitive information about her children.

*Petition granted.*

Hutchison & Steffen, LLC, and Shannon R. Wilson, Las Vegas,
for Petitioner.

Cody Gamble, Las Vegas,
in Pro Se.

Luke A. Busby, Reno,
for Amicus Curiae Our Nevada Judges, Inc.

25-04467

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, STIGLICH, J.:

In this original proceeding seeking a writ of mandamus, petitioner argues the district court erred in concluding that family law proceedings cannot be closed to the public pursuant to *Falconi v. Eighth Judicial District Court*, 140 Nev., Adv. Op. 8, 543 P.3d 92 (2024), *cert. denied sub nom. Minter v. Falconi*, No. 24-338, 2024 WL 4655008 (Nov. 4, 2024). We agree that *Falconi* does not stand for that proposition. Rather, *Falconi* recognized that while the public has a presumptive right to access legal proceedings, including family law matters, a hearing nevertheless may be closed when a party demonstrates that privacy interests outweigh the public's right to court access. The district court here erred by failing to apply the test described in *Falconi* to determine whether closure was warranted. Accordingly, we grant this writ petition, directing the district court to vacate its order denying the motion to close the hearing and to reconsider that motion in accordance with the test outlined in *Falconi*.

*FACTS AND PROCEDURAL HISTORY*

Petitioner Leanne Nester and real party in interest Cody Gamble divorced in 2022. Their divorce decree awarded custody over and outlined parenting time with respect to their two minor children. Months later, Gamble moved to modify custody. During the proceedings, a press

---

[1]The Honorable Patricia Lee, Justice, being disqualified, did not participate in this matter.

organization, amicus curiae Our Nevada Judges, Inc., filed a media request for camera access, which the district court granted.

Nester moved for reconsideration of the order granting media access and requested that the district court close the hearing on Gamble's motion to modify custody. Nester argued she has an interest in protecting the minor children's medical records and Child Protective Services records and asserted a right to privacy in the custody evaluation. Gamble did not contest the court's order below.

The district court ultimately denied the motion for reconsideration and for a closed hearing, relying on *Falconi*. The court concluded, based on its interpretation of *Falconi*, that it lacked discretion to close the hearing, stating there was no statute or rule allowing it to do so. The court determined that Nester failed to identify a legal basis warranting closure and noted that custody cases routinely discuss mental health, making it neither practical nor realistic to restrict access to them. Nester now seeks writ relief from this court.

## DISCUSSION

*Entertaining the petition is warranted*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. Such a writ will only be issued "if the petitioner has no plain, speedy and adequate remedy in the ordinary course of law." *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 122 Nev. 1298, 1301, 148 P.3d 790, 792 (2006) (internal quotation marks omitted); NRS 34.170. Further, "[m]andamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or

capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (internal citation omitted). "A manifest abuse of discretion is [a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *Cotter v. Eighth Jud. Dist. Ct.*, 134 Nev. 247, 249, 416 P.3d 228, 232 (2018) (quoting *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (internal quotation marks omitted)).

Additionally, "[t]his court has considered writ petitions when doing so will clarify a substantial issue of public policy or precedential value, and where the petition presents a matter of first impression and considerations of judicial economy support its review." *Washoe Cnty. Hum. Servs. Agency v. Second Jud. Dist. Ct.*, 138 Nev., Adv. Op. 87, 521 P.3d 1199, 1203 (2022) (internal quotation marks and citation omitted). "[T]he scope of the press's and public's access to courts is an important issue of law, as well as a substantial issue of public policy, warranting our extraordinary consideration." *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 95.

Nester does not have a plain, speedy, and adequate legal remedy here. A later appeal from a custody determination would not rectify the possible harm inflicted upon the parties' children if the evidentiary hearing were improperly opened to the public. Furthermore, judicial economy would be best served by clarifying this issue of statewide importance. Such clarification on the application of *Falconi* will help prevent further struggles by the district court in such circumstances. For the foregoing reasons, we entertain this petition.

*The district court neglected to properly apply* Falconi

Nester argues that the district court misconstrued *Falconi* and asserts that she articulated sufficient overriding interests for both her and the children, which interests would be prejudiced if the custody hearing in the underlying matter is not closed.[2]

*Closure in family law proceedings pursuant to* Falconi

In *Falconi*, this court concluded that NRS 125.080 and several complementary local district court rules were unconstitutional because they prevented the court from considering whether closure was warranted. *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 99. Specifically, *Falconi* held that the statute and court rules, which permitted closure upon a party's request in family law proceedings and precluded the district court's exercise of discretion in closing such proceedings, unconstitutionally violated the public's presumptive right to access such proceedings.[3] *Id.* at 99-100.

In that case, the petitioner requested media access to a child custody proceeding. *Id.* at 94. One of the parties argued it was not in the best interest of the child to broadcast personal information to the public or

---

[2]As an alternate request for relief, Nester requests this court to order that the district court, at a minimum, exclude cameras and recording devices from the courtroom. We do not reach this issue because (1) if the district court decides to close the proceedings, the issue will be moot, and (2) Nester failed to present cogent argument on this matter or properly rely on the test outlined in SCR 230(2), which governs such requests. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating it is a party's responsibility to provide cogent argument supported by salient authority).

[3]NRS 125.080 and EDCR 5.212 required closure upon a party's request, and EDCR 5.207 automatically closed child custody actions.

to have that information available on the internet; however, the district court sealed the case pursuant to the cited statute and court rules and then denied media access based on the case's sealed status, without considering the child's best interest. *Id.* at 94-95. Upon writ review, *Falconi* concluded that "open family law proceedings play a significant role in the functioning of the family court, warranting a presumption of open access," hinging on the First Amendment's "purpose to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Id.* at 98 (second phrase quoting *Courthouse News Servs. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).

*Falconi* acknowledged, however, "the district court's discretion to weigh when a closure is warranted and when the public's right of access warrants keeping the proceeding open." *Id.* at 99. This is because closed proceedings are indeed warranted in various instances. *Id.* The court explained that "[o]nce the presumption of a constitutional right attaches, that presumption can only be overcome if closure is essential to preserve higher values and is narrowly tailored to serve those interests." *Id.* (internal quotation marks omitted). Citing *Press-Enterprise v. Superior Court*, 478 U.S. 1 (1986), the court held that to overcome the presumption, a party must demonstrate that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest could be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* Failure to consider these factors on a case-by-case basis falls short of what is required in evaluating whether a proceeding should indeed be closed. *Id.*

In some cases, courts have determined that there is a compelling interest in protecting children from undue embarrassment or psychological or physical harm, which may support closing proceedings to the public. *See, e.g., Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 607-08 (1982) (determining that there is a compelling interest in safeguarding the psychological well-being of minors and setting out factors to be weighed when determining if closure is necessary to protect a minor victim from further trauma or embarrassment); *In re The Spokesman-Review*, 569 F. Supp. 2d 1095, 1101, 1103 (D. Idaho 2008) (determining that there is a compelling interest, warranting closure during witness testimony, in preventing further harm that a minor victim could suffer from recalling details of crimes in front of "a group of disinterested peers"); *Allied Daily Newspapers of Wash. v. Eikenberry*, 848 P.2d 1258, 1261 (Wash. 1993) (determining that the compelling interest in protecting minor victims from further trauma may be sufficient to warrant court closure); *Matter of Hughes Cnty. Action No. JUV 90-3*, 452 N.W.2d 128, 133 (S.D. 1990) (recognizing the United States Supreme Court's decision in *Globe Newspaper Co.* in determining that the State has a compelling interest in protecting minor victims from further trauma or embarrassment). While these decisions involve minor victims of sex crimes, some of whom testified, they demonstrate that there can be a compelling interest in ultimately protecting children's mental health in particular cases, regardless of the source of the mental health concerns.

Alternatives to closure may exist that could adequately protect this compelling interest when shown. The United States Supreme Court has stated that possible alternatives to immediate closure of an entire proceeding or hearing might be holding it in camera or "closing only those

Supreme Court
of
Nevada

(O) 1947A

7

parts of the hearing that jeopardize the interests advanced." *Waller v. Georgia*, 467 U.S. 39, 48-49 (1984). And when a request for closure is granted, courts "must sua sponte consider possible alternatives to [the] closure even when they are not offered by the parties." *United States v. Allen*, 34 F.4th 789, 797 (9th Cir. 2022) (quoting *Presley v. Georgia*, 558 U.S. 209, 214 (2010)). But any alternative must be both practical and feasible. *See, e.g., In re M.B.*, 819 A.2d 59, 65-66 (Pa. Super. Ct. 2003) (rejecting a party's suggestions to control or limit references to "specific confidential or harmful materials" while the press is present or grant the press limited access to the "non-confidential portions of the proceedings" because it would impose a significant burden on the court and parties).

*The district court failed to apply* Falconi

Here, Nester argues the district court misconstrued *Falconi* and erroneously concluded no such circumstances or interests could outweigh the public's right of access to family law proceedings. We agree.

The district court denied Nester's motion, concluding it could not close the hearing because there was no statutory or rule basis for so doing. As the United States Supreme Court recognized in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581 n.18 (1980), a court has inherent authority to "impose reasonable limitations on access to a trial" when those limitations are required for the fair administration of justice. While *Falconi* held NRS 125.080, EDCR 5.2074, and EDCR 5.212 were unconstitutional because they required closure of proceedings without ensuring the closure was reasonable or otherwise unavoidable, *Falconi* did not conclude the district court lost its inherent authority to close proceedings. Instead, *Falconi* held that before a hearing is closed, the court must determine that the closure is necessary for reasons that meet

applicable constitutional standards. *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 99. Thus, the district court erred in concluding that it lacked authority or discretion to close the hearing and that an open hearing was mandatory.[4]

Further, the district court erred in failing to apply the test for determining whether a closure was warranted by assessing whether "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest could be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* The district court did not weigh these considerations whatsoever.

Our Nevada Judges argues that the district court faithfully applied the standard in *Falconi*. Not so. *Falconi* directs a district court judge to contemplate the above-referenced factors on a case-by-case basis, and when they do not, it is a misapplication of the law and an abuse of discretion. To interpret *Falconi* as outrightly stripping the district court of any discretion is significant error. While the district court may, in its discretion, conclude Nester's privacy interests do not overcome the public's presumptive right to access the proceedings, it must properly apply the

---

[4]The district court commented in a footnote that "appellate decisions routinely place a child's best interest secondary to other interests," despite proclaiming a policy otherwise. This is incorrect, and the district court's categorical remark is inappropriate. Our decision in *Falconi* is consistent with prioritizing the best interests of children by providing a reasonable avenue to closure in light of constitutional considerations. Unfortunately, parties may utilize that potential avenue only when the district court properly applies *Falconi*.

factors set out in *Falconi* in reaching such a conclusion.[5] The district court here did not simply misapply the factors in *Falconi*, it failed to apply them at all. By neglecting to do so, the district court manifestly abused its discretion. *Cotter*, 134 Nev. at 249, 416 P.3d at 232.

Lastly, the district court stated that the prevalence of mental health considerations in most custody cases makes it both impractical and unrealistic to restrict media access. However, this court's decision in *Falconi* made clear that closure must be determined on a case-by-case basis and judicial discretion *is* to be exercised. *Falconi*, 140 Nev., Adv. Op. 8, 543 P.3d at 99-100. Just because mental health considerations may be widespread in these proceedings does not automatically indicate that closures are unobtainable. To the contrary, that characteristic might be a reason more of these types of proceedings are closed. Thus, the district court's sweeping generalization and ensuing conclusion on the practicality and reality of such closures is both problematic and unfounded.

## CONCLUSION

In accordance with Nevada precedent, we hold that the district court must consider the factors laid out in *Falconi* when deciding whether a family law proceeding may be closed. The district court erred here by failing to apply the test described in *Falconi*. Accordingly, we grant Nester's

---

[5]Because it is the district court's responsibility to weigh the *Falconi* factors while considering Nester's position, we do not determine whether Nester articulated sufficient overriding interests for both her and the children that would be prejudiced if the evidentiary hearing is not closed. The district court is instructed to conduct that analysis.

petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying the motion to close the hearing on the motion to modify custody and to reconsider that motion to close, applying the test outlined in *Falconi*.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Bell

_____, J.
Cadish